UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NEFTALI L.,

                Petitioner,

v.

JOEL BROTT, Sheriff, Sherburne County
Jail, Elk River, MN; SAMUEL OLSON,
Director of St. Paul Field Office, U.S.
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security;
PAMELA BONDI, Attorney General of
the United States,

                Respondents.

Case No. 26-CV-0145 (PJS/SGE)

ORDER

    Danielle Oxendine Molliver, NWOKOCHA & OPERANA LAW OFFICES, for petitioner.

    Liles H. Repp and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents other than Joel Brott.

    This matter is before the Court on petitioner Neftali L.'s petition for a writ of habeas corpus.[1]  Neftali, a citizen of Guatemala, entered the United States without inspection in approximately 2016.  V. Pet. ¶ 15.  United States Immigration and Customs Enforcement arrested Neftali on December 23, 2025.  Lee Decl. ¶ 5.  Neftali filed this habeas action on January 9.

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initial.

Respondents take the position that Neftali is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both recent interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States unlawfully. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025). As the Court has previously noted, although respondents' argument that *Santos M.C.* was wrongly decided has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Neftali, who entered without inspection and are already present and living in the United States.[2] Respondents also argue that this case is distinguishable from *Santos M.C.* because Neftali is "seeking admission" by (1) failing to voluntarily self-deport in

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 5 at 4.

response to a Notice to Appear charging him as removable and (2) asserting that he is eligible for asylum.  The Court does not believe that these are meaningful distinctions; again, as Neftali is already present in the United States, he is not "seeking admission."  The Court therefore holds that Neftali is not subject to mandatory detention under § 1225(b)(2).

Neftali asks that this Court order his immediate release in lieu of ordering the bond hearing to which he is entitled under § 1226(a).  Given that this Court's jurisdiction in this area is generally limited to habeas claims that raise pure questions of law, *see Silva v. United States*, 866 F.3d 938, 941 (8th Cir. 2017), the Court does not believe that it has the authority to order Neftali's release on bond as an original matter.  The Court therefore grants Neftali's petition in part and orders respondents to afford him a bond hearing.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED IN PART and DENIED IN PART.  Specifically, the Court:

    a. DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ENJOINS respondents from

    denying release or other relief on the basis that petitioner is subject to mandatory detention under § 1225(b)(2).

  b. ORDERS respondents to provide petitioner a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

  c. ENJOINS respondents from moving petitioner outside of Minnesota prior to the conclusion of the bond hearing, so that petitioner may assist his counsel in preparing for that hearing.

  d. If respondents do not provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order, petitioner must be immediately released from detention.

2. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 17, 2026       /s/ Patrick J. Schiltz
                Patrick J. Schiltz, Chief Judge
                United States District Court